# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
                     PLAINTIFF,

vs.
                                                  CASE NO.  20-40053-DDC
                                                  **Filed Under Seal**

MATTHEW PFEIFFER,
         a.k.a. "Mathew Pfeiffer,"
                     DEFENDANT.

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

**AT ALL MATERIAL TIMES:**

### INTRODUCTION

1.    The Controlled Substance Act of 1970, as amended, was and is a regulatory framework that, *inter alia,* establishes controls and sanctions for the manufacture, distribution, dispensing, and possession of controlled substances.

2.    Controlled substances are drugs or other substances and listed chemicals that are included in the schedules listed in the Controlled Substances Act or corresponding regulations. 21 U.S.C. 802(6).

3.    Controlled substances are ordered based on the "class" and schedule of the drug or listed chemical.

4.    Controlled substance are primarily classified based on the substance's effect on the human body and include: narcotics; stimulants; depressants; hallucinogens; and anabolic steroids.

1

5.      The Controlled Substance Act organizes controlled substances into Schedules based on the substance's: (1) potential for physical or psychological abuse; and one or more statutory factors including, but not limited to, actual or relative potential for abuse;   scientific evidence of its pharmacological effect and scientific knowledge regarding the substance; history, pattern, scope, duration, and significance of abuse; public health risks; *etc.*   21 U.S.C. § 812.

6.      Narcotics, also referred to as "opioids" or "opiates," were and are a classification of drugs that refers to opium, opium derivatives, and their synthetic and semi-synthetic counterparts.

7.      A source for the production of naturally derived opiates was and is the *Papaver somniferum* species of poppy plant. Opium was and is a non-synthetic Schedule II controlled substance traditionally produced by making incisions to the unripe seedpod of the *Papaver somniferum* plant and extracting the poppy latex – a white milky fluid that exudes from the pod when it is cut.  The poppy latex is then scraped from the seedpod and dried.

8.      Morphine, along with codeine, and thebaine, was and are naturally occurring opium alkaloids found in the latex of the *Papaver somniferum* plant.  Similarly, morphine, codeine, and thebaine was and are Schedule II controlled substances. Morphine, codeine, and thebaine can be produced by isolating the chemical from the latex or from raw opium.  In addition, morphine and thebaine specifically are used as precursors in the manufacturing of other controlled substances.

9.      Heroin is a Schedule I narcotic.  Heroin is manufactured from morphine. While, specific manufacturing processes may vary, one process involved isolating morphine from raw opium, and then processing the morphine into heroin.  In this process, manufacturing opium was a necessary first step.

10.     Chemicals or ingredients that can be used in the heroin manufacturing process included, but were not limited to, calcium hydroxide (traditionally referred to as a "slacked lime"), alcohol, and acetic anhydride.

11.     Matthew Pfeiffer, also known as "Mathew Pfeiffer," was a resident of Morganville, Clay County, Kansas within the District of Kansas.

12.      In and about May 2020, the Riley County Kansas Police Department ("RCPD"), with the assistance of the Drug Enforcement Administration ("DEA"), received information from a confidential source ("CS") that Pfeiffer was cultivating a large poppy field in Morganville, Kansas with the intent of producing heroin.

13.     During the investigation, the CS provided RCPD and DEA with photos and messages sent and received by Pfeiffer to and from the CS of poppy plants and concerning the production of heroin.  In addition, the CS reported physically observing the plants at Pfeiffer's residence as well as observing Pfeiffer manufacture opium in Pfeiffer's kitchen while explaining the manufacturing process to the CS.

14.     On or about May 25, 2020, Pfeiffer sent and received messages to and from the CS using a cellular telephone.  In a message sent to the CS prior to the CS traveling the Pfeiffer's residence, Pfeiffer sent the following:

Might be a can in the store called slacklime or that fruit fresh (sold for canning) thing I showed you! Aneumonia erratic acid if they got it! I need some real cheap triple distilled vodka big bottle of it.

15.     On or about June 4, 2020, investigators, including the DEA and RCPD executed a search warrant at Pfeiffer's residence in Morganville, Kansas.

16.     During the execution of the warrant, DEA seized approximately 4,076 poppy plants as well as a tar like substance extracted from one or more plants.  Botanical analysis of the plants determined them to be *Papaver somniferum*.   Further investigative efforts determined Pfeiffer obtained the *Papaver somniferum* seeds on or about February 26, 2020.

17.     Following execution of the search warrant, DEA chemists analyzed the tar-like substance and several of the seized plants.  Chemical analysis conducted on plant samples determined one or more plants to contain thebaine, morphine, and codeine. Analysis of the tar-like substance determined it to contain thebaine.

### COUNT 1
### ATTEMPTED MANUFACTURING OF A CONTROLLED SUBSTANCE

18.     Paragraphs 1-17 are incorporated by reference as if fully set forth.

19.     Beginning on or about February 26, 2020, and continuing to on or about June 4, 2020, in the District of Kansas, the defendant,

**MATTHEW PFEIFFER**,

knowingly and intentionally attempted to manufacture opium, a Schedule II controlled substance, and did knowingly and intentionally take a substantial step in

furtherance of said attempt by cultivating *Papaver somniferum*, also known as poppy or opium poppy,  all in violation of Title 21, United States, Section 846, with reference to Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 2
### MANUFACTURING A CONTROLLED SUBSTANCE

20.     Paragraphs 1-19 are incorporated by reference as if fully set forth.

21.     On or about June 4, 2020, in the District of Kansas, the defendant,

**MATTHEW PFEIFFER,**

did knowingly and intentionally manufacture thebaine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 3
### USE OF A COMMUNICATION FACILITY
### TO FACILITATE A FELONY CONTROLLED SUBSTANCE OFFENSE

22.     Paragraphs 1-21are incorporated by reference as if fully set forth.

23.     On or about May 25, 2020, in the District of Kansas, the defendant,

**MATTHEW PFEIFFER**,

did knowingly and intentionally use any communication facility, namely a cellular telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 846, that is the offense set forth in Count 1 of this Indictment and incorporated by reference herein, all in violation of Title 21,

United States Code, Section 843(b), with reference to Title 18, United States Code, Section 2.

**A TRUE BILL.**

August 19, 2020                       *s/Foreperson*

DATE                              FOREPERSON OF THE GRAND JURY

 /s/Skipper  Jacobs  #26848
for Stephen R. McAllister, #15845
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Stephen.mcallister@usdoj.gov

**[IT IS REQUESTED THAT TRIAL BE HELD IN TOPEKA, KANSAS.]**

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
        **PLAINTIFF,**

**vs.**                                            CASE NO. _____

**MATTHEW PFEIFFER,**
        **a.k.a. "Mathew Pfeiffer,"**
                **DEFENDANT.**

## PENALTIES

### COUNTS 1 AND 2

Punishable by a term of imprisonment of not more than 20 years, a fine of not more than $1,000,000, supervised release of not less than 3 years, and a $100 special assessment per count of conviction.

21 U.S.C. 841(b)(1)(C)

### COUNT 2

Punishable by a term of imprisonment of not more than 4 years, a fine of not more than $250,000, supervised release of not less than 1 year, and a $100 special assessment per count of conviction.

21 U.S.C. 843(b)

Skipper Jacobs, #26848
Assistant United States Attorney